WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dale Maisano,<br><br>               Petitioner,<br><br>vs.<br><br>State of Arizona,<br><br>               Respondent. | No.  CV 15-0538-PHX-SMM (MHB)<br><br>**O R D E R** |

Petitioner Dale Maisano, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has abused the legal process egregiously and often. He is subject to a February 20, 2014 Injunction Order that enjoins him from filing or lodging more than one *in forma pauperis* lawsuit per month. *See* Doc. 4 in *Maisano v. Clark*, 14-CV-0001-TUC-RCC (D. Ariz. 2014).[1] As to the one lawsuit per month, the Injunction Order reiterates and supplements the terms of the 1992 Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS), that enjoins him from filing any civil action in this or any other federal court without first obtaining leave of the court. *Id.*

Pursuant to the Injunction Order, to obtain leave to file, Petitioner must file a motion for leave to file captioned as an "Application Pursuant to Court Order Seeking Leave to File." In the Application, Petitioner must:

---

[1] In an April 8, 2014 Order, the Ninth Circuit Court of Appeals reviewed Petitioner's Notice of Appeal of the Injunction Order and Petitioner's accompanying documents, concluded that "the appeal is so insubstantial as to not warrant further review," and did not permit the appeal to proceed. *See* Doc. 8 in 14-CV-0001-TUC-RCC.

(1) file an affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court;

(2) certify that, to the best of his knowledge, the claim or claims presented are not frivolous or taken in bad faith; and

(3) affix to the Application a copy of the February 20, 2014 Injunction Order in 14-CV-0001-TUC-RCC, the January 29, 2014 Order to Show Cause in 14-CV-0001-TUC-RCC, the 1992 Restraining Order in *Maisano v. Lewis*, 92-CV-1026-PHX-SMM (MS); **and** a list of all cases previously filed involving similar or related causes of action.

**"The failure to comply strictly with the terms of th[e Injunction] Order shall be sufficient ground to deny leave to file**." *Id.*

On March 25, 2015, Petitioner filed a Document (Doc. 1), which he states is a "Proper Habeas Corpus." He is wrong.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Section 2254(a), 28 U.S.C., requires the Court to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Absent from Petitioner's Document is any statement that Petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. To the contrary, Petitioner's claim is based on his allegation that he has "been sep[a]rated from all property legal and otherwise" since October 2014 and, therefore, is being denied access to the courts. Petitioner's claim, therefore, relates to the conditions of his confinement.

If a prisoner is challenging the conditions of his confinement, rather than the validity or duration of the confinement, his remedy arises under the civil rights law, not habeas corpus. *See Muhammad*, 540 U.S. at 750. If a prisoner seeks civil rights relief by filing a habeas petition, he has mislabeled his case and is entitled to have his action treated as a claim for relief under civil rights law. *Hansen v. May*, 502 F.2d 728, 729-30

1  (9th Cir. 1974). Therefore, the Court will construe Petitioner's Document as a civil rights
2  action brought pursuant to 42 U.S.C. § 1983.

3  Petitioner did not file an Application Pursuant to Court Order Seeking Leave to
4  File, the required affidavit or certification, the list of previously filed cases, or any of the
5  required orders. Petitioner, therefore, has failed to comply strictly with the court-
6  mandated pre-filing requirements.

7  Moreover, even if Petitioner had complied with the court-mandated pre-filing
8  requirements, the Court still would have dismissed the Document. Because Petitioner has
9  "three strikes," the February 20, 2014 Injunction Order also requires that if Petitioner
10 attempts to file an *in forma pauperis* lawsuit, any Complaint he files or lodges "must
11 clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious
12 physical injury." Petitioner's Document does not meet this requirement and does not
13 make "a plausible allegation that the prisoner faced 'imminent danger of serious physical
14 injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

15 Thus, this action will be dismissed without prejudice.

16 **IT IS ORDERED:**

17 (1) This case is **dismissed without prejudice**. The Clerk of Court must enter
18 judgment accordingly and close this case.

19 (2) The Clerk of Court is directed to change the information on the docket
20 sheet to reflect that the Notice of Suit is "555 Prisoner: Prison Condition" and the Cause
21 is "42:1983 Prisoner Civil Rights."

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

(3)     **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal.**

DATED this 27th day of March, 2015.

                                 Honorable Stephen M. McNamee
                                 Senior United States District Judge